

Opinions of the United
States Court of Appeals
for the Third Circuit

11-15-2002

# Druz v. Manasquan

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-3071

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Druz v. Manasquan" (2002). *2002 Decisions.* Paper 737.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/737

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No: 01-3071
_____

DAN A. DRUZ,

Appellant

v.

BORO OF MANASQUAN;
MANASQUAN POLICE DEPT.;
JACOB KLEINKNECHT;
OFFICER BRYCE; ELLIOTT CORREIA;
RANDALL CRAIG; SGT. ACKERMAN;
JOHN TENGROVE; BRIDGETTE MARKUSON;
MARK APOSTOLOU; JAMES FAGEN

Appeal from the United States District Court
for the District Court for the District of New Jersey
(D.C. Civil Action No. 00-cv-02705)
District Judge: Honorable Joseph A. Greenaway, Jr.

Submitted Under Third Circuit LAR 34.1(a)
on October 17, 2002

Before: ROTH, GREENBERG, Circuit Judges
and WARD* District Judge

(Opinion filed: November 15, 2002)

    * Honorable Robert J. Ward, District Court Judge for the Southern District of New York, sitting by designation

O P I N I O N

ROTH, Circuit Judge:
    Daniel Druz, a lawyer appearing pro se, brought suit in U.S. District Court against the Boro of Manasquan, certain of its police officers, the municipal prosecutor, the clerk of the municipal court, and a municipal judge. Druz alleged that his civil rights were violated by a pattern of harassment. The Magistrate Judge issued a Report and Recommendation, granting defendants' motions for judgment on the pleadings, pursuant to Fed. Rule of Civ. P. 12(c), and denying Druz's cross-motion to amend his complaint. The District Court adopted the Report and Recommendation. Druz appealed.
    The District Court had jurisdiction pursuant to 28 U.S.C.    1331, 1343(3) and 1367(a) and 42 U.S.C.    1983 and 1988. We have appellate jurisdiction pursuant to 28 U.S.C.    1291.

Druz claims in his appeal that the Magistrate Judge drew incorrect and unfavorable inferences against him, that the Magistrate Judge erred in not allowing him to amend his complaint, that the Magistrate Judge incorrectly found that Druz was barred by the statute of limitations, and that the Magistrate Judge incorrectly found that the municipal prosecutor and the clerk of the municipal court enjoyed judicial immunity.

We exercise plenary review of the dismissal of a complaint under Rule 12(c). See Green v. Fund Asset Management, L.P., 245 F.3d 214, 220 (3d Cir. 2001). We review the denial of a motion to amend the complaint for abuse of discretion. See Singletary v. Pa. Dept. of Corrections, 266 F. 3d 186, 193 (3d Cir. 2001).

Druz's complaint was based on an incident occurring on September 30, 1996. Druz was then charged by the Manasquan police with false reporting and found guilty of that charge after a municipal court trial on March 19, 1997. Druz also contended that on June 18, 1997, the clerk of the municipal court made disparaging remarks about Druz to his legal assistant. Druz filed suit on June 18, 2000. The Magistrate Judge found that Druz's complaint was barred by the two year statute of limitations. See N.J.S.A. 2A:14-2. Druz argues that his claims should not be barred by the statute of limitations because he was unaware, until June 16, 1998, of the destruction of certain audio cassette tapes. However, as the Magistrate Judge concluded, the tapes were not relevant to Druz' constitutional challenges. Thus, Druz's claims are time barred.

Because Druz' claims are time barred, we find that the District Court did not abuse its discretion in denying Druz the opportunity to amend his complaint. Druz also argues that he was not afforded all reasonable inferences from his complaint and that the municipal prosecutor and clerk of the court do not enjoy absolute immunity. However, because the complaint was clearly barred by the statute of limitations, we will not address these issues.

For the foregoing reasons, we will affirm the judgment of the District Court.


TO THE CLERK:

 Please file the foregoing Opinion.



                    By the Court,


                    /s/ Jane R. Roth
                         Circuit Judge